**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | |
|---|---|
| **THERESA M. LEWIS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-0307 |
| ) | |
| **AMBER NELSON, Warden,** ) | |
| **FPC Alderson, West Virginia,** ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 13, 2008, Petitioner[1] filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner states as grounds for relief under Section 2241 as follows:

(1) I am eligible for 180 day placement in community custody/halfway house equivalent; therefore I am challenging the FBOP's decision through its representatives to limit this placement to the last 3 months or 10% of my sentence. I am seeking a 180 day placement at this time, not just recommendation.

(2) Please refer to my attachments. (Petitioner attaches copies of documents evidencing her attempts to obtain community correction center placement through the administrative remedy process.)

---

[1] Petitioner pled guilty to conspiring to defraud the United States in violation of 18 U.S.C. § 371 and commit money laundering in violation of 18 U.S.C. § 1956(h) in the Western District of North Carolina. On February 21, 2006, the District Court sentenced Petitioner to a 36 month term of imprisonment. Petitioner appealed her conviction. The United States cross-appealed challenging the District Court's sentencing. The Fourth Circuit Court of Appeals affirmed. United States v. Lewis, 234 Fed.Appx. 95 (4th Cir. 2007). The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on December 23, 2008.

[2] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

>   (3) The Federal Bureau of Prisons never properly executed their extensions during the remedy process. They were housing me; but supposedly sent these to the wrong location acting like they didn't know where I was placed by them. On April 10, 2008 – much after the extension dates expired back in January, 2008, this occurred after I cited their default on their own procedure. Since these were all dated April 10, 2008, I still uphold that they defaulted on their own administrative remedy procedures, and that they very well knew where I was located since they designated me there and I was in their custody. Because of this default, my request should be granted and placement executed.

The attachments to Petitioner's Application indicate that she was at the Greenbrier Birthing Center, a community facility, for a substantial portion (63%) of her sentence as she attended to her infant son under the Mothers and Infants Together (MINT) Program. She was apparently to returned to custody in prison in April, 2008. Petitioner requested, however, that she be entitled to "continue my community custody . . . in a RRC/community custody equivalent located in my home state of Massachusetts." Petitioner stated that "I have already been found to be eligible for such a request, and have met and exceeded all conduct expectations of the Bureau of Prisons while out in the community here at the Greenbrier Birthing Center the past sixteen months." Petitioner further requested that she be placed in a community correction center for more than the last ten percent of her term of imprisonment citing 18 U.S.C. § 3621(b) and the Second Chance Act of 2007.

Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of

Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United

States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: March 4, 2009.

R. Clarke VanDervort
United States Magistrate Judge